IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

BRANDON CAMPBELL, et al., on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

HIGH TECH RAIL AND FENCE, LLC, et al.,

    Defendants.

CIVIL ACTION FILE

NO. 3:18-cv-4-TCB

# **O R D E R**

This case comes before the Court on the following motions: Defendant High Tech Rail and Fence, LLC's motion [10] to dismiss Plaintiff Brandon Campbell's second amended complaint [7] alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; Campbell's motion [40] for conditional certification; and Campbell's motion [37] for an extension of time to serve Defendants David Moffat and Curtis L. Whitaker, II.

## I.  High Tech's Motion [10] to Dismiss for Failure to State a Claim

### A.  Plaintiffs Fail to Adequately Allege an FLSA Violation

High Tech has moved to dismiss Plaintiffs' first and second amended complaints. There are numerous issues raised in High Tech's brief,[1] but the issues that remain at this point boil down to the question of which pleading standard governs Plaintiffs' complaint. High Tech argues that the standards in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), apply. Plaintiffs respond that under Eleventh Circuit precedent, a different pleading standard applies. The Court agrees with High Tech, and in so doing declines to follow the Eleventh Circuit's unpublished, pre-*Iqbal* decision in *Secretary of Labor v. Labbe*, 319 F. App'x 761 (11th Cir. 2008).

This Court has held on a number of occasions that the plausibility pleading standard famously identified in *Twombly* was extended by the Supreme Court to apply to all civil actions. *See, e.g., Rogers v. City of*

---

[1] The second amended complaint has now been properly served on High Tech, *see* [12]. Therefore, the Court does not need to address the motion to dismiss as it pertains to the first amended complaint or improper service of the second amended complaint.

*Atlanta*, 214 F. Supp. 3d 1314, 1318 (N.D. Ga. 2016) (citing the *Twombly*-*Iqbal* pleading framework and stating, "It is well settled that these pleading standards apply in *all civil cases*" (emphasis added)); *Dorsey v. Ga. Dep't of State Road & Tollway Auth.*, 1:09-cv-1182-TWT, 2009 WL 2477565, at *6 n.7 (N.D. Ga. Aug. 10, 2009) ("Although the *Twombly* standard was announced in an antitrust context, the Supreme Court recently clarified that the *Twombly* standard applies to all civil cases." (citing *Iqbal*, 556 U.S. at 684)).

While it is true that *Labbe* held that *Twombly*'s plausibility pleading standard did not apply to FLSA cases, the Court departs from this unpublished Eleventh Circuit case for two reasons. First, the Court is not bound by an unpublished Eleventh Circuit opinion. ELEVENTH CIR. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Second, even though *Labbe* may be cited as persuasive authority, the Court does not find it persuasive here. *Labbe* was decided prior to *Iqbal*, in which the Supreme Court clarified that *Twombly* was based on its "interpretation and application of Rule 8." *Iqbal*, 556 U.S. at 684.

3

"That Rule in turn governs the pleading standard 'in all civil actions and proceedings in the United States district courts.'" *Id.* (quoting FED. R. CIV. P. 1). "*Twombly* expounded the pleading standard for 'all civil actions[.]'" *Id.* Accordingly, the Court finds that *Labbe* conflicts with the Supreme Court's ruling in *Iqbal*, and must therefore be departed from, even in an FLSA case. *Accord Cooley v. HMR of Ala., Inc.*, 259 F. Supp. 3d 1312, 1318–19 (N.D. Ala. 2017), *appeal docketed*, No. 18-10657 (11th Cir. Feb. 21, 2018) (departing from *Labbe* in part because it "was decided prior to *Iqbal*"). Now that *Iqbal* has confirmed that satisfying *Twombly-Iqbal* is the *sine qua non* of stating a claim under Rule 8, the Court must analyze all civil claims in light of their requirements—this FLSA action included.

Many courts faced with a post-*Iqbal* 12(b)(6) challenge to an FLSA complaint have taken the approach utilized in *Lundy v. Catholic Health System of Long Island*, 711 F.3d 106 (2d Cir. 2013). *Lundy* held that "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." 711 F.3d at 114. *Lundy*

4

rejected a complaint that used words like "occasionally," "approximately," or "typically" to describe the plaintiff's allegations of periods of undercompensated overtime; there were no concrete averments that made it plausible—as opposed to speculative—that the plaintiffs had worked more than forty hours in a given workweek for which they were not compensated. The Plaintiffs' allegations only made it possible, not plausible, that they had been underpaid. As a result, the *Lundy* complaint failed to state a claim.

Similarly, Plaintiffs use loose, generalized verbiage to describe the alleged underpayment scheme in this case. For example, Plaintiffs allege that they were underpaid "[d]uring periods throughout the last three years," but do not identify any given workweeks in which this occurred. [7] ¶ 30. They also state, "Plaintiffs have *frequently* worked more than 40 hours per week without being paid overtime compensation." *Id.* ¶ 29 (emphasis added). But this does little more than repackage the words of the FLSA—it does not readily demonstrate how these particular plaintiffs, and the class they purport to represent, were subjected to a violation of the FLSA.

As other courts following *Lundy* have recognized, an FLSA plaintiff is required "to plead facts demonstrating that he worked more than forty hours in a *given workweek* without being compensated for the overtime hours worked during that workweek." *Cooley*, 259 F. Supp. 3d at 1319 (emphasis added) (citing cases from the second, third, fourth, and ninth circuits); *Stafflinger v. RTD Constrs., Inc.*, No. 6:15-cv-1564-Orl-40TBS, 2015 WL 9598825, at *2 (M.D. Fla. Dec. 14, 2015). Here, Plaintiffs have not shown that in a given workweek—that is, in a discreet work period as opposed to a large span of time containing numerous workweeks—they were not paid overtime. Without more factual meat on the bones, the complaint's averments do not rise to the level of plausibility required by *Twombly* and *Iqbal*.

Moreover, the Court is not convinced that averaging the total hours of overtime worked by all Plaintiffs satisfies either the *Twombly-Iqbal* requirements or the Court's FLSA standing order, *see generally* [5]. It is not plausible that the average number of overtime hours worked by all Plaintiffs is an appropriate measurement of *each Plaintiff's* underpaid overtime.

The average represents only each individual Plaintiff's share of the larger pool of uncompensated hours for the putative class (at this point, this appears to be a guesstimate), prior to class certification. This is jumping the gun. The Court's standing order requires information as to *each* Plaintiff. It is from this individual-level information that the class-wide injury is later ascertained; but first, the individual-level information is required. Put another way, the plaintiffs make the class, the class does not make the plaintiff.

### B.  Plaintiffs Fail to Adequately Plead Interstate Commerce

High Tech also asserts that Plaintiffs' complaint falls short because it does not adequately allege that High Tech was engaged in interstate commerce, which is essential to show that the FLSA applies. *See Freeman v. Key Largo Volunteer Fire & Rescue Dep't*, 494 F. App'x 940, 942 (11th Cir. 2012) ("To state a claim for failure to pay minimum (or overtime) wages under the FLSA, a plaintiff must demonstrate that (1) he is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay him minimum or overtime wages."); *see also Gates v. Khokhar*, 884 F.3d 1290, 1296

7

(11th Cir. 2018) (stating motion to dismiss standard). This is often referred to as "FLSA coverage."

There are two types of FLSA coverage. "First, an employee may claim 'individual coverage' if the employee regularly and directly participates in the actual movement of persons or things in interstate commerce." *Freeman v. Willie A. Watkins Funeral Home of Riverdale, Inc.*, 1:16-cv-377-WSD, 2017 WL 66824, at *3 n.6 (N.D. Ga. Jan. 5, 2017) [hereinafter *Willie A. Watkins*] (quoting *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011)). "Second, an employee may claim 'enterprise coverage' if his employer (1) is in an enterprise engaged in commerce or in the production of goods for commerce and (2) has gross volume sales or business of at least $500[],000 annually." *Id.* (quoting *Josendis*, 662 F.3d at 1298–99). Plaintiffs' second amended complaint does not set forth a claim for individual liability, as there is no indication that High Tech's employees directly and regularly interact in interstate commerce—other than a conclusory restatement of the statutory interstate-commerce requirement.

Nor does Plaintiffs' second amended complaint adequately allege enterprise coverage. It merely reiterates the requisite legal elements, which as the Court has already explained *supra*, does not satisfy the pleading requirements set forth in *Twombly* and *Iqbal*. As in *Willie A. Watkins*, Plaintiffs' complaint "provides no factual allegations about the 'goods or materials' or the 'equipment/tools' or how they are related to interstate commerce." 2017 WL 66824, at *4; *see also id.* (citing similar cases).

Accordingly, the Court finds that Plaintiffs have thus far only made bare-bone recitations of the legal elements of an FLSA collective action. Plaintiffs have also failed to properly allege that High Tech is an employer engaged in interstate commerce. These two shortcomings are fatal to their second amended complaint, and therefore, the Court is compelled to dismiss these claims.

Plaintiffs have, however, requested leave to file a third amended complaint. The Court will allow Plaintiffs to amend solely because this decision involved an unsettled question of which pleading standard applied to FLSA actions in this circuit. High Tech will have fourteen

days from the filing of Plaintiffs' third amended complaint to file a responsive pleading.

## II.   Plaintiffs' Motion [37] for an Extension of Time

Plaintiffs have moved for an extension of time to serve their second amended complaint [7][2] on the two individual Defendants. Federal Rule of Civil Procedure 4(m) requires that service of a complaint be made within ninety days of filing; otherwise, the action must be dismissed except upon a showing of good cause. Plaintiffs assert that they have demonstrated good cause. The Court agrees.

Plaintiffs bear the burden of demonstrating the existence of good cause for missing the deadline provided in Rule 4(m). *Durgin v. Mon*, 659 F. Supp. 2d 1240, 1258 (S.D. Fla. 2009) ("To demonstrate good cause, [Plaintiffs] must offer evidence that [they] (1) [have] proceeded in

---

[2] Filing an amended complaint does not restart the Rule 4(m) time period. *Haygood v. Orange Cty. Pub. Sch.*, No. 6:16-cv-2105-Orl-37GJK, 2017 WL 4242035, at *4 (M.D. Fla. Sept. 25, 2017) ("Where a plaintiff files an amended complaint, the Eleventh Circuit has held that the ninety-day time period provided for in Rule 4(m) does not begin anew, unless the amended pleading adds a new defendant not previously named in the original complaint.") (citing *Lindley v. City of Birmingham*, 452 F. App'x 878, 880 (11th Cir. 2011)). More than 90 days have elapsed since Plaintiffs' complaint was filed on January 12, 2018.

good faith; (2) [have] a reasonable basis for noncompliance[;] and (3) the basis for the delay was more than simple inadvertence or mistake.")

Here, Plaintiffs have shown that they have proceeded in good faith. They appear to have been earnestly seeking to serve the unserved Defendants but have been unsuccessful for a number of reasons. There is also no suggestion that the lack of service is due to gamesmanship or other improper motive.

Plaintiffs have attempted to obtain a waiver through mailing and service of requests for waivers under Rule 4(d) upon High Tech, for which Defendants work. Though High Tech objects that this is not proper service of a waiver, there is nothing that suggests that this effort was not an "other reliable means" by which to notify Defendants that Plaintiffs were requesting a waiver. FED. R. CIV. P. 4(d)(1)(G).

Plaintiffs have also hired a third-party process server "to locate and serve the individual defendants." [37] at 5. All to no avail. Even more telling of Plaintiffs' efforts (and lack of culpability for the delay) is that the hired process server attempted on multiple occasions to serve Defendant Whitaker at his home at a time when someone was home,

and there has been no answer at the gate. All of these efforts are sufficient to show a reasonable basis for the delay that, at this point, seems to be due to at least one of the Defendants' attempts to avoid service.[3]

The Court will grant Plaintiffs a sixty-five-day extension from the date of this Order to serve their third amended complaint upon the two individual Defendants.

## III. Conclusion

High Tech's motion [10] to dismiss is granted. Plaintiffs are ordered to file a third amended complaint within fourteen days; Defendants have fourteen days from Plaintiffs' filing to file a responsive pleading. Plaintiffs' motion [37] for extension of time is also granted. Plaintiff has sixty-five days to serve its third amended complaint upon Defendants Moffat and Whitaker. And High Tech is ordered to provide the last-known addresses it has for Moffat and Whitaker to Plaintiffs.

---

[3] For example, Plaintiffs' process server attempted service at Whitaker's address, while people appeared to be home, but no one answered the door. Moffat and Whitaker have a duty to waive service under Rule 4(d)(2), and failure to do so may result in their having to pay Plaintiffs' costs and attorney's fees associated with their attempts to serve them.

Finally, the Court denies as moot Plaintiffs' motion [40] for conditional certification, as it relates to the now-dismissed second amended complaint.

IT IS SO ORDERED this 17th day of May, 2018.

_____
Timothy C. Batten, Sr.
United States District Judge